**Thomas E. CATTERSON and Catherine J. Catterson, Plaintiffs,**

v.

**PAQUET CRUISES, INC., and Nouvelle Compagnie de Pazuebots, Defendants.**

**No. 80 Civ. 6342 (KTD).**

United States District Court, S. D. New York.

March 31, 1981.

Bondy & Schloss, New York City, for plaintiffs; Mark A. Harmon, New York City, of counsel.

McHugh, Leonard & O'Conor, New York City, for defendants; James M. Hazen, New York City, of counsel.

### MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge:

In this suit to recover damages for personal injuries, defendants move for summary judgment on the grounds that this action is time barred under the terms of a passage contract between the parties. The facts are not disputed. On January 25, 1979, plaintiffs Thomas and Catherine Catterson embarked on a cruise aboard defendants' ship. Four days later, Thomas Catterson sustained leg injuries while boarding the ship after a stopover in port.

On September 4, 1980, the plaintiffs filed suit in the Supreme Court of the State of New York, alleging that the defendants' negligence caused the injury. The case was later removed to this court on diversity grounds. Defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the basis that plaintiffs' failure to bring this action within one year of the injury contravenes a clause in the contract of passage. Clause 5 of the passage contract requires actions for personal injuries against the shipowner to be commenced within one year of the date of injury. Plaintiffs do not argue the validity of this contract or its binding effect upon the parties. Their argument is based on the additional language of Clause 5 which states:

> In any case where the time fixed in this ticket for filing claims or instituting suits and actions to recover for claims is less than that allowed by law, such time is hereby extended so as not to exceed the minimum lawful time.

Plaintiffs contend that this passage contract section is modified by the recently enacted uniform statute of limitations for marine torts, Public Law 96–382, 94 Stat. 1525 (1980), 46 U.S.C. § 763a, which states:

> Unless otherwise specified by law, a suit for recovery of damages for personal injury or death, or both, arising out of a marine tort, shall not be maintained unless commenced within three years from the date the cause of action accrued.

The contention that the present passage contract time limitation is extended to three years by Section 763a is erroneous. Section 763a defines the applicable limitation period for filing maritime tort claims "unless otherwise specified by law." This section establishes "a clear, definite standard for the federal courts to apply" in those maritime tort cases which are not governed by any specific statute of limitations but instead are governed by the vague contours of the equitable doctrine of laches. See 126 Cong. Rec. H.771 (Feb. 11, 1980).

The maritime tort case before this court involves a specific time bar established by contract. There already exists a federal statute which specifically addresses limitations to actions contained in contracts issued by shipowners.

46 U.S.C. § 183(b) (1958) provides that:

> (a) It shall be unlawful for the manager, agent, master, or owner of any seagoing vessel ... transporting passengers or merchandise or property ... to pro-

vide by rule, contract, regulation, or otherwise a shorter period for giving notice of, or filing claims for loss of life or bodily injury, than six months, and for the institution of suits on such claims, than one year, such period for institution of suits to be computed from the day when the death or injury occurred.

Congress' purpose in enacting Section 183(b) was to prevent shipowners from imposing on passengers unreasonably short periods of limitation in personal injury actions. *Barrette v. Home Lines, Inc.*, 168 F.Supp. 141, 143 (S.D.N.Y.1958).

Nothing in the legislative history of Section 763a reveals a Congressional intention to preempt Section 183(b). Thus, shipowners remain free to place in passage contracts a provision limiting tort claims which are more than one year old, but less than three years old.[1] Section 763a, therefore, does not apply to instances where parties have contracted to a time limit. Section 183(b) specifically applies to such contracts. As a result, Clause 5 of the passage contract does not operate to extend the time limitation to the minimum established in Section 763a, but rather insures that the contract complies with the minimum set down in Section 183(b).

Here, plaintiffs have failed to bring their suit within the one year period specified by the contract. Accordingly, defendants' motion for summary judgment is granted.

SO ORDERED.

---

[1] One year limitations in passage contracts have previously been upheld. *DeCarlo v. Italian Line*, 416 F.Supp. 1136 (S.D.N.Y.1976); *McQuillan v. Italia Societa Per Azione de Navigazione*, 386 F.Supp. 462 (S.D.N.Y.1974), *aff'd*, 516 F.2d 896 (2d Cir. 1975).