Shana STRAUSS, a minor by Abner J. STRAUSS and Madelyn Strauss, Mother and Father and Guardians, and Abner J. Strauss and Madelyn Strauss, in their own right

v.

**NORWEGIAN CARIBBEAN LINES, INC.**

**No. Civ. A. 83–3455.**

United States District Court, E.D. Pennsylvania.

Feb. 6, 1984.

**6**

Norman Shigon, Philadelphia, Pa., for plaintiff.

James A. Yulman, Krusen, Evans & Byrne, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

This action was commenced in the Court of Common Pleas for Philadelphia County on January 28, 1982. The suit as originally filed contained claims of Abner, Madelyn and Shana Strauss for breach of contract and negligence against Norwegian Caribbean Lines (NCL) and John Wanamaker Department Stores (Wanamaker). The claims arose out of a cruise in August, 1980 on which the plaintiffs were passengers. NCL operated the cruise ship, and Wanamaker, through its travel agency, sold the plaintiffs their tickets. After preliminary objections were sustained to several complaints filed by the plaintiffs in the state court, the claims of Madelyn and Shana Strauss were dismissed, and all claims by Abner Strauss were dismissed except for his claim for damages for personal injury resulting from the defendant's negligence. NCL answered and then moved for summary judgment on the basis of a provision in its contract of passage with the plaintiffs which states:

> ... [I]n no event shall any suit for any cause against the carrier with respect to delay, detention, personal injury, illness or death be maintainable, unless suit shall be commenced within one (1) year from the day when the delay, detention, personal injury, illness or death of the passenger occurred, notwithstanding any provision of law of any state or country to the contrary.

The plaintiffs' answer contends that this provision is invalid because it is in "microscopic print."

On July 12, 1983, the plaintiff settled with Wanamaker, and a joint tortfeasor release was entered into dismissing Wanamaker from the action. On July 19, 1983, NCL filed a petition to remove the case here on the ground that complete diversity existed because of the voluntary dismissal of Wanamaker. The plaintiffs have not challenged the removal, and it appears to have been proper in light of *Powers v. C & O Railway*, 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898). *See DeBry v. Transamerica Corp.*, 601 F.2d 480, 486–88 (10th Cir.1979); 14 Wright, Miller & Cooper, Federal Practice and Procedure § 3732 at 726 (1976). NCL has renewed its motion for summary judgment in this Court, supporting it with the affidavit of its customer relations director. The plaintiffs have responded to the motion, but have not filed any affidavits or other evidentiary material as provided by Fed.R.Civ.P. 56.

The plaintiffs have also filed, in this Court, a "counterclaim" based on a release which they claim to have entered into with NCL. The plaintiffs claim that NCL's failure to honor this release by refunding the cost of the cruise "has resulted in the intentional infliction of emotional distress

upon the plaintiffs." The defendant has moved to strike this "counterclaim" on the grounds that it was filed without leave of court, was untimely, and is barred by the Order of the state court which dismissed all claims in this action except for Abner Strauss' negligence claim for damages for personal injury. The plaintiffs have not responded to this motion to strike. For the reasons which follow, the pleading denominated by the plaintiffs as a "counterclaim" will be stricken, and NCL's motion for summary judgment will be granted.

■ Although the plaintiffs denominated the claim for intentional infliction of emotional distress a "counterclaim", the plaintiffs are in reality attempting to assert a wholly new cause of action, without obtaining leave of court to amend their complaint. Leave to amend must be sought from the Court under such circumstances. Fed.R.Civ.P. 13(f), 15(a). Accordingly, the "counterclaim" must be stricken for failure to seek leave of court to amend the complaint. Moreover, the "counterclaim" fails to state a claim upon which relief could be granted under Pennsylvania law for two reasons: (a) it does not allege the essential elements of a claim for intentional infliction of emotional distress; and (b) it was filed after expiration of the applicable two year statute of limitations. *See Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265, 1273 (3d Cir.1979) (setting forth the elements of a cause of action for intentional infliction of emotional distress); 42 Pa. Cons.Stat.Ann. § 5524(2).

■ Section 183b(a) of Title 46 of the United States Code allows owners, operators and agents of sea-going vessels to limit their liability for personal injury or death to cases in which suit has been instituted within one year of the date when the death or injury occurred. *Barbachym v. Costa Line, Inc.*, 713 F.2d 216, 218 (6th Cir.1983); *DeNicola v. Cunard Line, Ltd.*, 642 F.2d 5 (1st Cir.1981); *Catterson v. Paquet Cruises, Inc.*, 513 F.Supp. 645, 646–47 (S.D.N.Y.1981). A carrier seeking to take advantage of a shortened period of limitations provided by the terms of its contract must make reasonable efforts to bring the contract terms to the passenger's attention. Numerous cases have discussed the "reasonable communicativeness" standard applied to contractual limitations in contracts of maritime passage; some of these cases will be noted below in analyzing the contractual limitation in NCL's passage contract. The most widely followed formulation of the standard to be used in determining if contract terms have been sufficiently brought to the passenger's attention is that of Judge Friendly in *Silvestri v. Italia Societa per Azioni di Navigazione*, 388 F.2d 11, 17 (2d Cir.1968): "the thread that runs implicitly through the cases sustaining incorporation [of contractual terms of limitation] is that the steamship line had done all it reasonably could do to warn the passenger that the terms and conditions were important matters of contract affecting his legal rights." The question whether the standard has been met in a particular case is one of law for the court. *Barbachym*, 713 F.2d at 218; *DeNicola*, 642 F.2d at 11; *Carpenter v. Klosters Rederi A/S*, 604 F.2d 11 (5th Cir.1979).

A party is entitled to summary judgment if it carries its burden of showing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *Hollinger v. Wagner Mining Equipment Co.*, 667 F.2d 402, 405 (3d Cir.1981). No genuine issue of material fact is raised by NCL's affidavit or the pleadings in this case. The affidavit states (¶ 6) that the plaintiffs received a copy of the contract of passage containing the contractual limitation period before boarding the ship and retained this copy after boarding the vessel. The plaintiffs have admitted that they received the passenger contract ticket containing the provision. (Answer to motion for summary judgment (¶ 10); "Verification" submitted by plaintiffs' attorney dated December 24, 1983, (¶ 2) ). A copy of the plaintiffs' passenger contract ticket is attached to the affidavit submitted by NCL, and the Court has reviewed an original form of such a contract provided by NCL. No question as to the

authenticity of these copies has been raised. It is also unquestioned that this suit was not filed until January, 1982, more than one year after the time of the alleged injury in August, 1980. Accordingly, the only question remaining for determination is whether the contractual limitation on the time for filing suit was reasonably communicated to the plaintiffs so that the defendant may rely on it. For the reasons below, we hold that it was.

■ The passenger contract consists of two rectangular pieces of paper printed on both sides. The face of the top piece contains the defendant's name "Klosters Rederi A/S d/b/a Norwegian Caribbean Lines," its address, and certain other information including the sailing date, cabin number, passenger names and total fare. In the bottom left-hand corner, printed in red capital letters against a white background, appears the phrase "THE PROVISIONS ON THE REVERSE HEREOF ARE INCORPORATED AS THOUGH FULLY REWRITTEN." At the top of the reverse side of this piece of paper, in large, easily readable dark type, appears the notice: "Passengers are advised to read the terms and conditions of the Passenger Contract Ticket set forth below. Acceptance of this Passenger Contract Ticket by Passenger shall constitute the Agreement of Passenger to these Terms and Conditions. NORWEGIAN CARIBBEAN LINES" Six paragraphs of terms and conditions, in small but readable type, appear on this side of the first piece of paper. Paragraphs 7–13 appear in blue type on the face of the second piece of paper; paragraph 13 contains the limitation at issue in this case. Paragraphs 14–25 are contained on the reverse of the second piece of paper.

The face of the passenger contract ticket contains a conspicuous notice directing the passenger's attention to the contractual terms contained on the inside. Under such circumstances, courts have uniformly held the passenger bound by the contractual terms contained in the contract, despite the fact that the passenger may not have read the contract. *DeNicola*, 642 F.2d at 10–11

(notice of terms and conditions of contract set forth in bold face type on the face of the contract; provisions appear on pages two through five in readable but fine print); *Carpenter*, 604 F.2d at 12 (notice printed in bold-face type on the face of the ticket; NCL was defendant shipowner); *Baron v. Compagnie Generale Transatlantique*, 108 F.2d 21, 22 (2d Cir.1939) (prominent red type on ticket called passenger's attention to limitations of liability contained in contract); *Gardner v. Greek Line*, 388 F.Supp. 856 (M.D.Pa.1975) (words "important notice" appear in bold type within a box on the face of the contract; underlined type below instructs passengers to read the attached terms and conditions before accepting): *McQuillan v. Italia Societa per Azione di Navigazione*, 386 F.Supp. 462, 466 (S.D.N.Y.1974) *aff'd* 516 F.2d 896 (2d Cir.1975) (cover and second page of contract direct passenger's attention to conditions on following pages); *Lipton v. National Hellenic American Lines*, 294 F.Supp. 308, 311 (E.D.N.Y.1968) (warnings appearing on booklet cover afford reasonable notice of existence and importance of conditions).

By contrast, those courts which have refused to enforce contractual limitations because no reasonable notice of the limitation was given have generally relied heavily on the absence of a conspicuous facial notice of the terms and conditions sought to be incorporated into the contract. *Barbachym*, 713 F.2d at 220 (ticket face contains only inconspicuous, vague language); *Silvestri*, 388 F.2d at 14 (facial warning in inconspicuous lower-case letters squeezed between two bold-faced captions); *Cada v. Costa Line, Inc.*, 547 F.Supp. 85 (N.D.Ill. 1982) (lack of clear facial warning); *Raskin v. Compania de Vapores Realma S.P.*, 521 F.Supp. 337 (S.D.N.Y.1981) (same). Since the passenger contract ticket received by the plaintiffs contained a conspicuous reference on its face to the terms and conditions of the contract, the contractual limitation on the time for filing suit was reasonably communicated to the plaintiffs and is binding on them.

 

The claim for personal injury resulting from NCL's negligence is barred because it was not instituted within one year of August, 1980, the time of injury. The defendant's motion for summary judgment will therefore be granted.