Helen M. SHANNON and Harvey Shannon, Plaintiffs,

v.

NORWEGIAN CARIBBEAN LINES, Defendant.

Civ. No. 85–1014.

United States District Court, M.D. Pennsylvania.

Dec. 3, 1985.

Leslie M. Fields, Kollas, Costopoulos & Foster, Lemoyne, Pa., for plaintiffs.

Peter Hansen Bach, Krusen, Evans & Byrne, Philadelphia, Pa., for defendant.

374

## MEMORANDUM

HERMAN, District Judge.

Presently before us is defendant's motion for summary judgment. Plaintiffs commenced this action in the Court of Common Pleas for Cumberland County on March 29, 1985, for injuries allegedly sustained by Helen Shannon on April 2, 1983, while she was a passenger aboard defendant Norwegian Caribbean Lines' (NCL) vessel, the *M/S Starward*. The defendant effected a timely removal of this case on July 18, 1985. Defendant filed a motion for summary judgment on September 25, 1985, relying on a provision in the contract of passage requiring plaintiffs to commence any action they might have against defendant for personal injuries within one year of the date on which the injury occurred. The motion has been fully briefed and is ripe for disposition. For the reasons set forth below, we shall grant defendant's motion.

Pursuant to 46 U.S.C. § 183b(a) (1982), owners, operators, and agents of seagoing vessels may limit their liability for personal injury claims to those suits on such claims which have been instituted within one year of the date such injury occurred. *Barbachym v. Costa Line, Inc.*, 713 F.2d 216, 218 (6th Cir.1983); *Strauss v. Norwegian Caribbean Lines*, 613 F.Supp. 5, 7 (E.D.Pa. 1984). A carrier seeking to utilize this statute of limitations by incorporating it into its contract of passage is required to have "done all it reasonably could to warn the passenger that the terms and conditions were important matters of contract affecting his legal rights." *Silvestri v. Italia Societa per Azione di Navigazione*, 388 F.2d 11, 17 (2d Cir.1968). Whether the defendant has met the standard of reasonableness in communicating this information is a question of law for the court to decide. *Barbachym*, 713 F.2d at 218; *Shankles v. Costa Armatori, S.P.A.*, 722 F.2d 861, 867 (1st Cir.1983); *Strauss*, 613 F.Supp. at 7.

Granting summary judgment under Rule 56 of the Federal Rules of Civil Procedure is appropriate only where the moving party establishes that no genuine issue exists as to any material fact in the case, and that he is entitled to judgment as a matter of law. *Fragale & Sons Beverage Co. v. Dill*, 760 F.2d 469, 472 (3d Cir.1985). The court should resolve any doubts as to the existence of a material fact in favor of the nonmoving party, and view all inferences in the light most favorable to the nonmoving party. *Riehl v. Travelers Insurance Co.*, 772 F.2d 19, 23 (3d Cir.1985).

In the instant case, NCL has produced a copy of the contract of passage and an affidavit by NCL's Director of Customer Relations that the copy is a true and correct specimen of the ticket issued to and used by the plaintiffs on the *M/S Starward*, Cruise No. 230402 in April 1983. *Affidavit of Davis*. Plaintiffs do not deny the truth of the contents of the affidavit; they instead claim to be ignorant of the appearance and provisions of the ticket issued to them, contending that they were not given a copy of the ticket or receipt after boarding. We conclude however that no issue of material fact exists as to the question whether plaintiffs had an opportunity to read the provisions of the contract of passage but nonetheless simply failed to do so.[1] It is also unquestioned that plaintiffs did not file suit until March 29, 1985, more than one year after the time of the alleged injury in April 1983. The only question this court must address is whether NCL has reasonably communicated to the plaintiffs the terms of the contract limiting the time for filing suit, thereby satisfying the *Silvestri* standard. We hold that the defendant has done so.

In this case, the passenger contract consists of two rectangular pieces of paper, 8½ inches by 3½ inches, with printing on both sides of each piece of paper. The face of the first piece has "Klosters Rederi A/S

---

1. Plaintiffs admit that they picked up documents or tickets for their voyage at their travel agency a few days before the trip. *Affidavit of Helen M. Shannon and Harvey C. Shannon* at ¶¶ 4, 5. They also admit that an agent on board the ship took documents from them, presumably the ticket. *Id.* at ¶ 6.

d/b/a Norwegian Caribbean Lines," its address, information including the cabin number, the voyage, agent, sailing date and the fare. In the upper right hand corner, in white print against a blue background, appears the phrase, "PASSENGER CONTRACT." In the lower left hand corner, in red print against a white background, appears "THE PROVISIONS ON THE REVERSE HEREOF ARE INCORPORATED AS THOUGH FULLY REWRITTEN." On the reverse side of this page of the contract, in bold print, is, "Passengers are advised to read the terms and conditions of the Passenger Contract Ticket set forth below. Acceptance of the Passenger Contract Ticket by Passenger shall constitute the agreement of Passenger to these terms and conditions." What follows are twenty-seven numbered paragraphs of terms and conditions in small type which are, nonetheless, legible and reasonably comprehensible, if read. The twenty-seven paragraphs occupy the reverse side of the first piece of paper and both sides of the second.

Paragraph thirteen contains the term of limitation at issue. In pertinent part it states, "[I]n no event shall any suit for any cause against the carrier with respect to ... personal injury ... be maintainable, unless suit shall be commenced within one (1) year from the day when the ... personal injury ... of the passenger occurred, notwithstanding any provision of law of any state or country to the contrary."

The plaintiff's answer to the defendant's summary judgment motion contends that the provisions appearing on the face of the first page are written in "legalese", and that plaintiffs, as non-lawyers, accordingly had no idea as to the meaning of this provision, which incorporates the twenty-seven paragraphs of terms and conditions appearing on the remaining sides of the ticket. We disagree with plaintiffs' contention. Although the phrase "THE PROVISIONS ON THE REVERSE HEREOF ARE INCORPORATED AS THOUGH FULLY REWRITTEN" is not a model of verbal simplicity, we hold that it provided sufficient notice to the passenger to read the contractual terms contained inside the ticket. Set out in bold red letters upon a white background, the phrase was certainly conspicuous. It also directs the passenger's attention to the provisions on the reverse side; as we have noted, the reverse side begins with a conspicuous directive to the passenger to read the ensuing twenty-seven paragraphs. We conclude therefore that the contract of passage contains a conspicuous notice to the passenger to examine the contractual provisions contained therein.

As the court in *Strauss* noted, when such a conspicuous notice exists, courts have uniformly held that a passenger is bound by contractual provisions contained in the contract of passage. *Strauss v. Norwegian Caribbean Lines*, 613 F.Supp. at 8 (citing numerous cases). *Shankles v. Costa Armatori, S.P.A.*, 722 F.2d 861 (1st Cir.1983); *Lubick v. Travel Services, Inc.*, 573 F.Supp. 904 (D.V.I.1983). It is no defense that the passenger did not read the ticket. *DeNicola v. Cunard Line Ltd.*, 642 F.2d 5 (1st Cir.1981).

We conclude that NCL has reasonably included a conspicuous reference on the face of the ticket in question referring the passenger to the term and provisions of the contract, including the provision limiting the institution of suit for personal injury to one year after the occurrence of the injury. Thus, NCL is entitled to summary judgment in this case because the plaintiffs failed to file their suit within the one-year limitation for which the contract of passage provided.

An appropriate order will be entered.