**Michael KING, Plaintiff,**

v.

**EASTERN CRUISE LINES, et al., Defendants.**

**Civ. A. No. 88–495–AH.**

United States District Court,
S.D. Alabama, S.D.

March 10, 1989.

As Corrected on Denial of Motion
to Amend, Alter or Vacate
June 30, 1989.

Michael G. Huey, Mobile, Ala., for plaintiff.

David M. O'Brien, Mobile, Ala., for defendants.

## ORDER

HOWARD, Chief Judge.

This matter is before the Court on the defendants' motion for summary judgment (# 5). The plaintiff filed a response to the motion (# 9½) and the defendants filed a reply to the response (# 10). The issue presented by the motion is whether the plaintiff's action is time-barred. To determine that issue the Court must decide whether the one year time limitation provision for bringing suit against the defendants as found in the passenger ticket issued to the plaintiff is reasonable as a matter of law. After due consideration the Court is of the opinion that the motion for summary judgment is due to be granted. The Court's findings of fact and conclusions of law are set forth as follows.

### FINDINGS OF FACT

1. The plaintiff, Michael King, alleges that he was injured while a passenger aboard one of the defendants' cruise ships, namely, the *SS Emerald Seas*. Mr. King is a citizen of the state of Alabama. It is undisputed that the plaintiff was a passenger on the *SS Emerald Seas* on December 30, 1985, the date of the alleged injury. It is undisputed that at all times relevant the *SS Emerald Seas* was owned and operated by defendant Eastern Steamship Lines, Inc. Eastern Cruise Lines and Eastern/Western Cruise Lines are trade names that were utilized by Eastern Steamship Lines, Inc. in the operation of the *SS Emerald Seas*.[1] The defendant is a corporation incorporated under the laws of the Republic of Liberia. Its principal place of business is Miami, Florida.

2. Plaintiff and three companions flew from Mobile, Alabama, to Miami, Florida, on December 30, 1985, and boarded the *SS Emerald Seas* approximately between

---

1. Hence, the Court will refer to the named de-    fendants in the singular.

12:00—1:00 p.m. the same day. (King depo. p. 42).

3. Plaintiff took delivery of the airline and cruise tickets for each member of his party in Mobile and maintained possession of both the airline and cruise tickets of each member of his party until after they had boarded the *SS Emerald Seas*. (*Id.*, pp. 39–40.).

4. Prior to boarding the *SS Emerald Seas*, the plaintiff delivered to the Eastern Steamship Lines, Inc.'s agent at the dockside the package of documents containing the passenger ticket contracts for plaintiff and his party. After inspecting the documents, the agent detached the pier coupon and accounting coupon from each passenger ticket contract and returned the remaining portions of the passenger ticket contracts to plaintiff, including that portion of the ticket contracts containing the terms and conditions of the ticket contracts found on pages 6, 7, and 8 of said contracts. (King depo. p. 39; Walter L. Reinhart affidavit, pp. 1–2).

5. The plaintiff has not produced for the Court the actual passenger ticket contract issued to the plaintiff. In support of the motion for summary judgment the defendants have supplied a photocopy of the passenger ticket contract in use at the time of plaintiff's trip. (Reinhart affidavit, p. 2). The plaintiff does not allege that this ticket is unrepresentative of the ticket contract he was issued for the December 30, 1985 trip.

6. The face page of the ticket is aesthetically simple. There is (what is apparently) the defendants' logo symbol—three rectangular blocks on top of each other approxi-

mately 1¾″ high and the same measure wide, with rounded left edges, centered on the page. Below the logo is the defendant Eastern Cruise Lines' name in bold ⅛″ print. Immediately following the defendant's name is the defendant's Florida address and phone number in ¹⁄₁₆″ print. The background of the ticket contract appears to be white. There is a very thin line running around the edges of the page. Other than this border, there is no other decoration or delineating markings.

In the top right corner is the statement: ISSUED SUBJECT TO TERMS AND CONDITIONS PRINTED ON PAGES 6, 7 AND 8 OF THIS CONTRACT TICKET. NOT TRANSFERABLE

This statement is over ½″ in height and 1½″ in width. It is in bold print. It is conspicuously set off from the logo. Indeed, there are only three items on the face page: the logo, the defendant's name and address, and the statement in question. Although the Court does not have the benefit of viewing the ticket in color, it is, nevertheless, clear that the statement is not hidden, nor is it crowded out by other items on the page. The statement is conspicuous, obvious, eye-catching and easy to understand.

7. The terms and conditions on pages 6, 7, and 8 to which the ticket contract holder is referred in the statement on the face page are in small, but legible, print. There are 23 numbered paragraphs of terms and conditions contained on pages 6–8. Paragraph 13 is the provision which informs the ticket contract holder that personal injury actions against the defendant must be brought within one year of the date of the alleged injury.[2] It is important that of the

---

**2.** Paragraph 13 states: NO SUIT SHALL BE MAINTAINABLE AGAINST THE CARRIER UPON ANY CLAIM IN CONNECTION WITH THIS TRANSPORTATION OR CONTRACT RELATING TO BAGGAGE OR ANY PROPERTY UNLESS WRITTEN NOTICE OF THE CLAIM, WITH FULL PARTICULARS, SHALL BE DELIVERED TO THE CARRIER OR ITS AGENT AT ITS OFFICE AT THE PORT OF SAILING OR AT THE PORT OF TERMINATION WITHIN THIRTY (30) DAYS AFTER TERMINATION OF THE VOYAGE TO WHICH THIS CONTRACT RELATES: AND IN NO EVENT SHALL ANY SUIT FOR ANY CAUSE AGAINST THE CARRI-

ER WITH RESPECT TO BAGGAGE OR PROPERTY BE MAINTAINABLE UNLESS SUIT SHALL BE COMMENCED WITHIN ONE (1) YEAR AFTER THE TERMINATION OF THE VOYAGE. NO SUIT SHALL BE MAINTAINED AGAINST THE CARRIER FOR DELAY, DETENTION, PERSONAL INJURY, ILLNESS OR DEATH OF THE PASSENGER UNLESS WRITTEN NOTICE OF THE CLAIM WITH FULL PARTICULARS BE DELIVERED TO THE CARRIER OR ITS AGENT AT ITS OFFICE AT THE PORT OF SAILING OR AT THE PORT OF TERMINATION WITHIN SIX (6) MONTHS FROM THE DAY WHEN SUCH DELAY, DE-

23 numbered paragraphs, only paragraph 13 is in bold print. Additionally, of the 23 numbered paragraphs, only paragraph 13 is in all capital letters. Although the time limitation provision is not very large, it is not buried in an obscure position. To the contrary, its bold, capital letters make paragraph 13 stand out from the rest of the terms and conditions contained on those pages.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

2. As other courts have noted, 46 U.S.C. App. § 183b(a) "allows owners, operators and agents of sea-going vessels to limit their liability for personal injury or death to cases in which suit has been instituted within one year of the date when the death or injury occurred." *Strauss v. Norwegian Caribbean Lines, Inc.*, 1985 AMC 1760, 1762, 613 F.Supp. 5, 7 (E.D.Penn. 1984) (*citing Barbachym v. Costa Line, Inc.*, 1984 AMC 1484, 1487, 713 F.2d 216, 218 (6th Cir.1983); *DeNicola v. Cunard Line, Ltd.*, 1981 AMC 1388, 642 F.2d 5 (1st Cir.1981); *Catterson v. Paquet Cruises, Inc.*, 1981 AMC 1924, 1925–26, 513 F.Supp. 645, 645–47 (S.D.N.Y.1981).

3. The former Court of Appeals for the Fifth Circuit stated the governing rules as follows:

Conditions and limitations in contracts for the carriage of passengers by water have been held valid, and when placed in the body of a passage contract for an ocean voyage, so as to be a part thereof, they become binding on the passenger by his mere acceptance of the ticket within such a time as to give him an ample opportunity to examine its contents. It is not necessary that the passenger have actual knowledge of such conditions or limitations or that his attention be called to them. The failure or inability of the passenger to read his ticket does not preclude his being bound by such conditions and limitations, provided they are not unlawful in content. Conditions printed on the back of the passenger's contract ticket will bind a passenger in the same manner as those appearing on the face, if, on the face of the ticket and as part of the contract, it is stated that the ticket is issued subject to the conditions printed on the back thereof, or if sufficient reference to such conditions is made on the face of the ticket. In the absence of a reference in the passenger contract sufficient to incorporate as a part thereof conditions appearing on the back, stipulations or conditions so printed form no part of the contract and do not bind the passenger unless his attention has been called to them or it is shown that he knew or had reason to know of their existence.

*Carpenter v. Klosters Rederi A/S*, 604 F.2d 11, 13 (5th Cir.1979) (*quoting* 80 C.J.S. *Shipping* § 182, p. 1098 *et seq.*)

4. The court continued, stating, "The controlling principle is that there must be adequate notice to the passenger of the suit time limitation and that such limitation be a part of the contract of such passage by the inclusion or incorporation by reference of such limitation." *Carpenter*, 604 F.2d at 13.

5. For the defendant to be entitled to rely on the period of limitations provision as contained in the ticket contract, the defendant must establish that it "made reasonable efforts to bring the contract terms to the passenger's attention." *Strauss*, 1985 AMC at 1762, 613 F.Supp. at 7.

6. As Judge Friendly noted in his review of the applicable caselaw, "the thread that runs implicitly through the cases sustaining incorporation is that the steamship line had done all it reasonably could to

TENTION, PERSONAL INJURY, ILLNESS OR DEATH OF THE PASSENGER OCCURRED; AND IN NO EVENT SHALL ANY SUIT FOR ANY CAUSE AGAINST THE CARRIER WITH RESPECT TO DELAY, DETENTION, PERSONAL INJURY, ILLNESS OR DEATH BE MAINTAINABLE, UNLESS SUIT SHALL BE COMMENCED WITHIN ONE (1) YEAR FROM THE DAY WHEN THE DELAY, DETENTION, PERSONAL INJURY, ILLNESS OR DEATH OF THE PASSENGER OCCURRED, NOT WITHSTANDING ANY PROVISION OF LAW OF ANY STATE OR COUNTRY TO THE CONTRARY.

warn the passenger that the terms and conditions were important matters of contract affecting his legal rights." *Silvestri v. Italia Societa Per Azioni Di Navigazione*, 388 F.2d 11, 17 (2d Cir.1968).

7. More specifically, "courts [generally] have held that a carrier has not made a 'reasonable' effort to warn passengers of its liability limitations unless the face of the ticket contains conspicuous language directing the passenger's attention to the contractual terms contained in other material furnished by the carrier." *Barbachym*, 713 F.2d at 219.

8. Whether the ticket contract in question meets the applicable "reasonableness" standard is a question of law to be decided by the Court. Hence, summary judgment on the issue is appropriate. *Carpenter*, 604 F.2d at 13; *Barbachym*, 713 F.2d at 218; *DeNicola*, 642 F.2d at 11.

9. After a review of the authorities and the passenger ticket contract in question in the instant action, the Court concludes that the notice on the face of the ticket contract is sufficiently eye-catching and conspicuous to communicate reasonably to the passenger that the terms and conditions found on pages 6, 7, & 8 were incorporated into the ticket contract. The plaintiff had possession of the ticket contract prior to his airplane trip to Miami (where the cruise trip began). At the time of boarding the SS *Emerald Seas*, the defendant's agent detached the pier coupon and the accounting coupon; the plaintiff retained possession of the remainder of the ticket contract, including the face page and the pages containing the terms and conditions of the ticket contract. As the Court listed in its findings of fact, the reference statement on the face page is conspicuous, eye-catching, and easy to understand.

10. The actual term and condition which sets forth the time period limitation cannot be said to be inconspicuous or hidden. There are (only) 23 paragraphs listed on pages 6, 7, & 8—noticeably less than the number involved in the *Silvestri* case.[3]

Furthermore, the key paragraph, number 13, is, in contrast to the other 22 paragraphs, in bold print. Also in contrast to the other 22 paragraphs, paragraph 13 is in all capital letters. All of the terms and conditions are in legible, *albeit* small, print. Viewed in its entirety, the time period limitation paragraph cannot be said to be inconspicuous or hidden.

11. The ticket contract holder is clearly directed to the terms and conditions of the ticket contract by the conspicuous notice on the face page, and the holder is sufficiently informed that such terms and conditions are a part of the ticket contract. Plus, the ticket contract holder is informed of the precise pages on which the terms and conditions are located. The term and condition in question is eye-catching because of its bold, all-capital printing. The Court concludes that the notice by the defendant to the plaintiff of the time-period limitation for bringing suit for personal injury was reasonable, that the statement on the face page of the ticket contract reasonably communicated to the ticket holder (the plaintiff) that the ticket contract was subject to the terms and conditions listed on pages 6, 7, & 8, and that term and condition #13 was sufficiently conspicuous to communicate to the holder that that provision was important.

12. For the foregoing reasons, the Court concludes that the defendant is entitled to summary judgment. Plaintiff's action is time-barred because of his failure to file suit against the defendant within the one-year limitation period as required by paragraph 13 of the ticket contract in question. It is ORDERED that the motion for summary judgment is GRANTED. Judgment shall be entered by a separate document.

---

**3.** There were 35 terms and conditions involved in the *Silvestri* ticket contract. *Silvestri*, 388 F.2d at 14.