**Ralph CARPENTER, Plaintiff-Appellee,**

**v.**

**KLOSTERS REDERI A/S, a foreign corporation, d/b/a Norwegian Caribbean Lines, Defendants-Appellants.**

No. 76–4261.

United States Court of Appeals, Fifth Circuit.

Oct. 5, 1979.

Rehearing Denied Oct. 30, 1979.

Frank J. Marston, Miami, Fla., for defendants-appellants.

Eugene L. Heinrich, Fort Lauderdale, Fla., for plaintiff-appellee.

Before JONES, AINSWORTH and HILL, Circuit Judges.

JONES, Circuit Judge:

The appellant, Klosters Rederi A/S, is a corporation of Norway doing business under the name of Norwegian Caribbean Lines. It operated cruise ships from Florida ports. The appellee, Ralph C. Carpenter is a citizen and resident of Broward County, Florida. Carpenter purchased a "Passage Con-

tract Ticket" from the appellee shipowner for a cruise on the M/S Sunward sailing from and returning to Miami, Florida. The top line of the ticket read, "Norwegian Caribbean Lines Passage Contract Ticket." Immediately below, and in bold type was the provision, "Issued subject to the terms and conditions printed on the cover of this contract ticket which form part thereof." Among the terms and conditions referred to and in the fine print on the cover of the ticket was the provision that: "The acceptance of this ticket by a passenger shall be deemed to be an undertaking and acknowledgment that he accepts on behalf of himself and all other persons traveling under this ticket and his and their heirs and representatives that he and they accept and agree to all the conditions of carriage herein set out or otherwise notified to the passenger by the owners." The terms and conditions contain a one-year suit time limitation: "Suit to recover any claim shall not be maintainable . . . unless commenced within one year after the date of the accident or loss."

On September 14, 1973 Carpenter brought an action against the shipowner seeking damages for personal injuries. Federal jurisdiction of diversity of citizenship was asserted. In the complaint it was alleged that Carpenter, on October 15, 1972, while a passenger on the shipowner's vessel, the M/S Sunward, and while the vessel was on the high seas, stepped from an elevator onto a wet and slippery deck, fell and was injured. The shipowner denied negligence and asserted that the deck was dry. At the trial of the cause a verdict was returned for the shipowner and judgment was entered on the verdict. Carpenter filed a motion for a new trial on the ground that evidence was improperly admitted. The court granted the motion and ordered a new trial. Then, for reasons not clearly apparent, Carpenter filed a motion for a voluntary dismissal of the action. The motion was granted and an order was entered dismissing the action without prejudice.

On January 29, 1976 Carpenter brought another action against the shipowner asserting the same claim as in the first suit.

In its answer the shipowner asserted as an affirmative defense that the ticket contained a suit time limitation of one year and the action, commenced more than three years after the accident, was barred. A motion for summary judgment asserted the same defense. The district court denied the motion for summary judgment. In its order the district court cited *Miller v. Lykes Brothers Steamship Co.*, 5th Cir. 1972, 467 F.2d 464, and *Silvestri v. Italia Societa Per Azioni Di Navigazione*, 2d Cir. 1968, 388 F.2d 11.

On appeal the shipowner contends that the district court erred in granting the motion for a new trial in the first action and in denying the motion for summary judgment in the second action. The contention that the district court erred in granting the motion for a new trial is not properly before this Court. While an order granting or denying a motion for a new trial is reviewable, it is not an appealable order. It can be reviewed only on appeal from a final judgment rendered in the action where the order was entered. *Massey v. Gulf Oil Corporation*, 5th Cir. 1975, 508 F.2d 92; *Wiggs v. Courshon*, 5th Cir. 1973, 485 F.2d 1281. The action in which the motion for a new trial was granted was dismissed on the motion of Carpenter. The order dismissing the action was the final judgment in the action and, of course, no appeal was taken from it.

In denying the motion of the shipowner for summary judgment, the district court stated that the fact pattern in the instant case is akin to that in *Silvestri*, supra, where, said the district court, "the notice was printed inconspicuously in small type on the face of the ticket, incorporating conditions contained on the ticket jacket." In the case here decided the notice was printed conspicuously in bold-faced type. These differences distinguish *Silvestri*. The district court distinguished *Miller*, supra, on the ground that, in *Miller*, the conditions were contained in the ticket itself.

The governing rules have been stated in this language:

"Conditions and limitations in contracts for the carriage of passengers by water have been held valid, and when placed in the body of a passage contract for an ocean voyage, so as to be a part thereof, they become binding on the passenger by his mere acceptance of the ticket within such a time as to give him an ample opportunity to examine its contents. It is not necessary that the passenger have actual knowledge of such conditions or limitations or that his attention be called to them. The failure or inability of the passenger to read his ticket does not preclude his being bound by such conditions and limitations, provided they are not unlawful in content. Conditions printed on the back of a passenger's contract ticket will bind a passenger in the same manner as those appearing on the face, if, on the face of the ticket and as a part of the contract, it is stated that the ticket is issued subject to the conditions printed on the back thereof, or if sufficient reference to such conditions is made on the face of the ticket. In the absence of a reference in the passage contract sufficient to incorporate as a part thereof conditions appearing on the back, stipulations or conditions so printed form no part of the contract and do not bind the passenger unless his attention has been called to them or it is shown that he knew or had reason to know of their existence." 80 C.J.S. Shipping § 182, p. 1098 et seq.

The controlling principle is that there must be adequate notice to the passenger of the suit time limitation and that such limitation be a part of the contract of passage by the inclusion or incorporation by reference of such limitation. Such principle is stated in the opinion in *Miller*. It is not contrary to the holding in *Silvestri*.

The motion for summary judgment of the defendant should have been granted. The judgment of the district court is reversed and the cause is remanded for the granting of the shipowner's motion for summary judgment.

REVERSED and REMANDED.