779 F.2d 52
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MICHAEL LEE SAMMONS, Plaintiff-Appellant,
v.
DAVID HAINES ROTROFF, Defendant-Appellee.
 84-5485
 United States Court of Appeals, Sixth Circuit.
 10/7/85
 
 APPEAL DISMISSED
 E.D.Tenn.
 ORDER
 BEFORE: MARTIN, CONTIE and WELLFORD, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration of the appellant's response to this Court's show cause order.
 
 
 2
 It appears from the record that the judgment was entered March 7, 1984. A one sentence motion to dismiss the action without prejudice was served on March 12, 1984, and filed on March 15, 1984. That motion is inadequate as a Rule 59(e), Federal Rules of Civil Procedure motion to alter or amend the judgment since it fails to state the grounds for the motion as required by Rule 7(b), Federal Rules of Civil Procedure. St. Marys Hosp. Medical Center v. Heckler, 753 F.2d 1362 (7th Cir. 1985); Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc., 690 F.2d 1240 (9th Cir. 1982), cert. denied, 459 U.S. 1227 (1983); Martinez v. Trainor, 556 F.2d 818 (7th Cir. 1977). Appellant served a motion to reconsider on March 30, 1984. This This Rule 59(e), Federal Rules of Civil Procedure, motion failed to toll the appeals period because it was not served within 10 days after entry of judgment. Reconsideration was denied on May 4, 1984. A notice of appeal was filed on May 25, 1984, from the May 4, 1984, order denying reconsideration.
 
 
 3
 An order denying a Rule 59, Federal Rules of Civil Procedure, motion is not a final judgment or appealable order. Carpenter v. Klosters Rederi, 604 F.2d 11 (5th Cir. 1979). The Court, however, may construe an appeal taken from the denial of a post-judgment motion as an appeal taken from the final judgment when the intent of the appellant to appeal the final judgment is clear. McGowne v. Challenge-Cook Bros., Inc., 672 F.2d 652, 659 (8th Cir. 1982). The notice of appeal filed May 25, 1984, was filed 49 days after the appeals period expired. Rules 4(a) and 26(a), Federal Rules of Appellate Procedure.
 
 
 4
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Rule 4(a), Federal Rules of Appellate Procedure, is a mandatory and jurisdictional prerequisite which this Court can neither waive nor extend. Peake v. First Nat. Bank and Trust Co. of Marquette, 717 F.2d 1016 (6th Cir. 1983). Rule 26(b), Federal Rules of Appellate Procedure, specifically provides that this Court cannot enlarge the time for filing a notice of appeal.
 
 
 5
 Accordingly, it is ORDERED that the appeal be and it hereby is dismissed for lack of jurisdiction. Rule 9(d)(1), Rules of the Sixth Circuit.