856 F.2d 194
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sammy L. LEONARD, Plaintiff-Appellant,
v.
ELECTRIC AND WATER PLANT BOARD, CITY OF FRANKFORT, KENTUCKY,
Defendant-Appellee.
 No. 88-5393.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1988.
 
 1
 Before ENGEL, Chief Judge, MILBURN, Circuit Judge, and DAVID D. DOWD, District Judge.*
 
 ORDER
 
 2
 This matter is before the court upon consideration of the appellee's motion to dismiss the appeal on the basis that the parties entered into a settlement on November 6, 1987. Appellant's response states that he appealed from the March 29, 1988, order denying his motion to alter or amend the judgment.
 
 
 3
 A review of the record indicates that appellant filed a Title VII civil rights action in the district court in 1979. Appellant appealed from the September 28, 1983, judgment awarding him $620.50 in backpay (appeal number 83-5767). The district court on November 10, 1983, awarded appellant's counsel $5,000.00 in attorney fees. By opinion and judgment filed January 9, 1985, in appeal number 83-5767, this court reversed and remanded the case for further proceedings. On February 11, 1987, the district court filed a memorandum and judgment awarding appellant $80,000.00 in compensatory damages, $20,000.00 in attorney fees and dismissed the action. The appellee served and filed a timely Fed.R.Civ.P. 59(e) motion to alter or amend the judgment which tolled the appeals period as provided by Fed.R.App.P. 4(a)(4). Several other motions were filed by the parties. The district court, by opinion and judgment filed October 14, 1987, denied the motion to alter judgment, the motion to amend findings of fact, and the motion for additional attorney fees. The October 14 order granted a motion to quash the order of garnishment and the motion to stay enforcement of the judgment. A complete and final release was signed by appellant and counsel on November 2 and 3, and filed on November 3, 1987. An agreed order dismissing the case with prejudice was filed November 5, 1987, and entered November 6, 1987. On March 23, 1988, appellant filed a motion to alter the judgment of February 11, 1987, to include punitive damages and that he be reinstated as an employee of the Frankfort Electric andWater Plant Board. On the same day, he filed a motion seeking reimbursement for the cost of the transcript. The district court by order filed March 29, 1988, denied appellant's March 23 motions. Appellant appealed on April 6, 1988, from the March 29 order denying his motion to alter the February 11, 1987, judgment (appeal number 88-5393).
 
 
 4
 This court lacks jurisdiction to consider the merits of the appeal. The March 23, 1988, motion to alter the February 11, 1987, judgment was not served within 10 days of entry of judgment as required by Fed.R.Civ.P. 59(e) and did not toll the appeals period. Fed.R.App.P. 4(a)(4). An order denying a Fed.R.Civ.P. 59 motion is not appealable. Carpenter v. Klosters Rederi, 604 F.2d 11 (5th Cir.1979); Walker v. Mathews, 546 F.2d 814, 817 n. 1 (9th Cir.1976). A notice of appeal from the denial of a Rule 59 motion can be treated as an appeal from the final judgment only when the motion was timely and tolled the appeals period. Peabody Coal Co. v. Local Union Nos. 1734, 1508 & 1548, UMW, 484 F.2d 78 (6th Cir.1973).
 
 
 5
 Further, the appellant entered into orders settling the case and dismissing it with prejudice. Such a voluntary dismissal with prejudice may be appealable. See Coursen v. A.H. Robins Co., 764 F.2d 1329 (9th Cir.), corrected, 773 F.2d 1049 (9th Cir.1985). However, appellant did not appeal from the voluntary dismissal but instead from the previous district court judgment.
 
 
 6
 It is ORDERED that the motion to dismiss be granted and the appeal be dismissed. Rule 8, Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation