**Lynn SCHAFF**

v.

**SUN LINE CRUISES, INC. and Royal Olympic Cruises, Inc.**

No. Civ. A. G–97–315.

United States District Court, S.D. Texas, Galveston Division.

March 24, 1998.

Francis I. Spagnoletti, Spagnoletti & Assoc., Houston, TX, for Plaintiff.

James Richard Watkins, Royston Rayzor et al., Galveston, TX, for Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

KENT, District Judge.

Plaintiff brings this case alleging that she was injured while a passenger aboard the cruise ship M/V STELLA SOLARIS. Now before the Court is Defendants' Motion to Dismiss. For the reasons that follow, Defendants' Motion is hereby **DENIED.**

### I. FACTUAL SUMMARY

The M/V STELLA SOLARIS is a Greek passenger vessel owned and operated by Defendant Royal Olympic Cruises ("ROC"), whose head office is in Piraeus, Greece. Defendant Sun Line Cruises, a New York company, acts an agent for ROC in the United States. In January of 1997, Plaintiff, a resident of Webster, Texas, purchased from the Karen Wright Tour Agency, Pearland, Texas, a ticket for approximately $1,770.00 to cruise aboard the cruise ship STELLA SOLARIS. Although Plaintiff paid for the ticket in early February 1997, and although it was issued by Sun Line on February 12, 1997, she did not actually receive the ticket until February 24 or 25, 1997. Plaintiff's cruise aboard the STELLA SOLARIS departed from Galveston, Texas on February 28, 1997 and returned to Galveston on March 7, 1997.

Printed on the front side of the passenger ticket contract received by Plaintiff was the following:

IMPORTANT NOTICE—READ BEFORE ACCEPTING

Please read carefully the terms of this ticket, beginning on page 1 and continuing through page 4. All these terms are an integral part of the contract between passengers and the Carrier. In accepting this contract, you agree to the terms. Attention is particularly drawn to the Carrier's right of exemption and limitation set forth in Clauses 11 and 12 (pages 3 and 4).

On page four of the contract was the following:

12) Notwithstanding anything to the contrary contained herein, any action against the Carrier must be brought only before the courts of Athens Greece to the jurisdiction of which the Passenger submits himself formally excluding the jurisdiction of all and other court or courts of any other country or countries which court or courts otherwise would have been competent to deal. . . .

At the conclusion of her cruise, Plaintiff was allegedly injured while attempting to walk down the gangplank of the vessel.

### II. ANALYSIS

Defendants seek dismissal of this case pursuant to the forum selection clause found in paragraph 12 of the passenger ticket contract. At the outset, the Court notes that the ticket contract also provides a limitations period, requiring initiation of suit in Greece within one year of the alleged injury. Because Plaintiff's injury allegedly occurred on March 7, 1997, the limitations period would prevent any recovery by Plaintiff, if Defendants' Motion prevails.[1]

A motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir.1994). The passenger ticket contract at issue in this case is a maritime contract. The interpretation and enforcement of a maritime contract is governed by federal maritime law. *See Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 590, 111 S.Ct. 1522, 1525, 113 L.Ed.2d 622 (1991); *see also The Moses Taylor,* 71 U.S. (4 Wall.) 411, 18 L.Ed. 397 (1866). From her Response to Defendants' Motion to Dismiss, it appears that Plaintiff challenges the validity of the forum selection clause on two grounds. First, Plaintiff argues that she was

---

1. In their Motion, Defendants state: "Both [Defendants] will stipulate to answer the claims of the Plaintiff if and when *they are timely filed in the Greek courts.*" (Def's MtD, at 3) (emphasis added).

**926**

given insufficient notice of the clause. In the alternative, Plaintiff contends that the circumstances of this case reveal that the clause is fundamentally unfair as applied to her. The Court will address both assertions.

Supporting their Motion to Dismiss, Defendants' submit what is allegedly a true and correct copy of the passenger ticket and contract which was issued to Plaintiff. Plaintiff, however, argues that the contract she actually purchased is materially different from the one submitted by Defendants. Specifically, Plaintiff argues that the ticket issue to her was nonrefundable, while the one presented by Defendants is refundable. Plaintiff also contends that the ticket she purchased was printed on four pages and contained seventeen paragraphs, whereas, the contract presented by Defendants is printed on twelve pages with forty-seven paragraphs. Finally, Plaintiff contends that the print on the ticket presented by Defendants is over 150 percent larger than the print found on the ticket and contract she actually received. By affidavit, Plaintiff submits what she claims is the contract which accompanied the ticket she purchased. When considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint, and views them in the light most favorable to the plaintiff. *See Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir.1993). In light of the standard for dismissal, the Court accepts as true, for now, the affidavit submitted by Plaintiff.

■ Conditions and limitations in contracts for the carriage of passengers by water when placed in the body of a passage contract for an ocean voyage, so as to be a part thereof, become binding on the passenger by his mere acceptance of the ticket within such a time as to give him an ample *opportunity* to examine its contents. The law does not look too kindly on parties who seek to avoid the terms of the passenger ticket contract. It is not necessary that the passenger have actual knowledge of such conditions or limitations or that her attention be called to them. Moreover, it is well established that a passenger has accepted a ticket and received notice of its contents even though a traveling companion receives and holds the passenger's ticket. *See, e.g., Marek v. Marpan Two, Inc.,* 817 F.2d 242, 247 (3d Cir.1987) (holding that the plaintiff had notice although plaintiff and his companion traveled together and shared the same ticket envelope, absent evidence that companion denied plaintiff access to the ticket); *Foster v. Cunard,* 121 F.2d 12, 13 (2d Cir.1941) (holding that the plaintiff accepted ticket and had notice, although plaintiff's brother, a fellow passenger, procured and held the contract ticket); *Ciliberto v. Carnival Cruise Lines, Inc.,* 1986 A.M.C. 2317, 1986 WL 2560 (E.D.Pa.1986) (holding that the plaintiff had notice although a co-worker not well known to plaintiff procured and held the ticket); *DeCarlo v. Italian Line,* 416 F.Supp. 1136, 1137 (S.D.N.Y.1976) (holding that the plaintiff had notice although plaintiff's friend arranged for and held the cruise contract ticket, and plaintiff never saw the ticket). Furthermore, the failure or inability of the passenger to read the ticket does not preclude her being bound by such conditions and limitations, provided they are not unlawful in content. *See Carpenter v. Klosters Rederi A/S,* 604 F.2d 11, 13 (5th Cir.1979) (quoting 80 C.J.S. SHIPPING § 182, at 1098); *see also Goldberg v. Cunard Line Ltd.,* 1992 A.M.C. 1461, 1462, 1992 WL 142582 (S.D.Fla.1992). A review of case authority reveals that the law is harsh indeed.

■ Accepting as true, as this Court must, Plaintiff's allegations regarding what she contends are the correct provisions of the contract, the Court still finds that, in light of the stringent legal standard, Plaintiff had sufficient notice regarding its terms. The ticket clearly states on its face that important legal ramifications would occur due to ticket acceptance. Moreover, the ticket specifically points the passenger to the most important paragraphs in the contract. Finally, the Court finds that the print on the ticket, although small, is readable. Therefore, because Plaintiff concedes that she accepted the ticket, the Court rejects her argument that she had insufficient notice of its contents.

■ In *Carnival Cruise Lines,* the Supreme Court held that forum-selection clauses contained in form passage contracts are

enforceable provided that they pass judicial scrutiny for fundamental fairness. *See* 499 U.S. at 595, 111 S.Ct. at 1528. In the instant case, although it appears that Plaintiff should have been aware of the provisions of the contract, the Court finds other extrinsic factors which prevent imposition of the forum selection clause. The cruise purchased by Plaintiff departed and returned to Galveston; however, the forum selection clause requires legal action in Athens, Greece. Plaintiff received her ticket 3 to 4 days before the cruise departure date. Accepting the terms of the ticket submitted by Plaintiff as the correct ones, the Court notes that under those terms, she would have forfeited the entire ticket price if she canceled her trip at that time—approximately $1,770.00. Defendants' offer absolutely no evidence that indicates that Plaintiff was aware of the forum selection clause prior to purchasing the ticket. Therefore, even if Plaintiff had sufficient notice of the terms of the contract, this Court concludes that Plaintiff did not have an option to reject the cruise contract, and thus, applying the forum selection provisions to her would be fundamentally unfair, especially in light of the requirement that legal action be taken in Athens, Greece. *Cf. id.* (noting that the passengers had the option of rejecting the contract with impunity); *see also M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17, 92 S.Ct. 1907, 1917, 32 L.Ed.2d 513 (1972) (holding that forum-selection clauses, although not "historically ... favored," are "prima facie valid," and declaring that "the serious inconvenience of the contractual forum to one or both of the parties might carry greater weight in determining the reasonableness of the forum clause"). The Court's finding is not inconsistent with the cases cited by Defendant because those cases do not involve forum selection clauses requiring trial outside of the United States when the cruise itself originated and ended in the United States; moreover, few of those cases involve nonrefundable tickets. Instead, a more analogous case is *Corna v. American Hawaii Cruises, Inc.*, 794 F.Supp. 1005, 1009 (D.Haw.1992). Because they have failed to meet the burden imposed by Rule 12(b)(6), Defendants' Motion to Dismiss is hereby **DENIED**.

For the above reasons, Defendants' Motion to Dismiss is **DENIED**. The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like, unless justified by a compelling showing of new evidence not available at the time of, the instant submissions. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**