**Rebecca Lynn WILLIAMS Plaintiff,**

v.

**M/V JUBILEE, Its Engine and Tackle, Etc., in Rem, its Owner and Operator Carnival Cruise Lines, and Reece Edward Perigin and Charles Wayne Ballenger, individually Defendants.**

**No. CIV.A.G–03–413.**

United States District Court,
S.D. Texas,
Galveston Division.

Aug. 13, 2003.

Reginald E. McKamie, Sr., Attorney at Law, Houston, TX, for Plaintiff.

Timothy Wayne Strickland, Fowler Rodriguez et al., Houston, TX, Christopher David Bertini, Bertini & Asoc., LLP, Galveston, TX, for Defendants.

*ORDER GRANTING DEFENDANTS CARNIVAL CRUISE LINES AND CARNIVAL CORPORATION'S MOTION TO TRANSFER UNDER 1404(a) AND DENYING DEFENDANTS CARNIVAL CRUISE LINES AND CARNIVAL CORPORATION'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(3)*

KENT, District Judge.

On June 10, 2003, Plaintiff Rebecca Lynn Williams brought suit against Defendants the *M/V JUBILEE*, Carnival Cruise Lines ("Carnival"), Reece Edward Perigin, and Charles Wayne Ballenger seeking recovery for an alleged assault that occurred while Plaintiff was a passenger aboard the *M/V JUBILEE*. On July 7, 2003, Carnival filed a Motion to Dismiss Under Fed. R.Civ.P. 12(b)(3) and (6), or, in the Alternative, to Transfer Under 28 U.S.C. §§ 1631, 1404(a), and/or 1406(a). Plaintiff filed a timely Response. For the following reasons, Carnival's Motion to Dismiss is **DENIED**; Carnival's Motion to Transfer is **GRANTED**, and this case is hereby **TRANSFERRED** to the United States District Court for the Southern District of Florida, Miami Division.

## I. Factual Background

Plaintiff alleges the following: From January 11, 2003 to January 16, 2003, Plaintiff was a passenger aboard Carnival's cruise ship, the *M/V JUBILEE*. At approximately 3:00 a.m. on January 16, Plaintiff heard someone knocking loudly on her cabin door. She approached the door and asked the person's identity, but received no response. She opened the door and was pulled into the hall and dragged toward Defendants Perigin and Ballenger's cabin. Plaintiff resisted and was beaten, choked, and bitten by her attacker, who Plaintiff believes was an intoxicated Ballenger. The attack, which lasted sever-

al minutes, ended when a security guard appeared.

Based on this alleged attack, Plaintiff filed suit in this Court, contravening a forum-selection clause contained in her Passenger Ticket Contract, requiring that any lawsuit be filed in Florida. The clause states:

> 15. It is agreed by and between the Guests and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami, or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami–Dade County, Florida, U.S.A. to the exclusion of the Courts of any other county, state or country.

Relying on this clause, Carnival filed a Motion to Dismiss Under Fed.R.Civ.P. 12(b)(3), or, in the Alternative, to Transfer Under 28 U.S.C. §§ 1631, 1404(a), and/or 1406(a). The Court now turns to this Motion.

## II. Legal Analysis

### A. Proper Treatment of Motion

■ This Court recently addressed a similar case against Carnival, based on this exact forum-selection clause. *See Elliott v. Carnival Cruise Lines,* 231 F.Supp.2d 555 (S.D.Tex.2002). In *Elliott,* this Court held that when venue is otherwise proper in the court in which the plaintiff filed,[1] and the valid forum-selection clause specifies a different federal court as the appropriate venue, section 1404(a) is the proper means to analyze the motion. *See id.* at 558–59. Section 1404(a) allows for transfer, not dismissal; consequently, Carnival's Motion to Dismiss Under 12(b)(3) is here-

by respectfully **DENIED.** *See* 28 U.S.C. § 1404(a); *see also Seabulk Offshore, Ltd. v. Dyn Marine Servs., Inc.,* 201 F.Supp.2d 751, 754 (S.D.Tex.2002) (Kent, J.).

### B. Motion to Transfer Venue

■ Having denied Carnival's Motion to Dismiss, the Court now considers whether transfer under § 1404(a) is warranted. Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.,* 868 F.2d 1428, 1436 (5th Cir.1989) (requiring the defendant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir.1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). The decision to transfer a case rests within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet,* 868 F.2d at 1436 ("A motion to transfer venue is addressed to the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion."); *Jarvis Christian Coll. v. Exxon Corp.,* 845 F.2d 523, 528 (5th Cir.1988) ("Decisions to effect a 1404 transfer are committed to the sound discretion of the transferring judge, and review of a transfer is limited to abuse of that discretion."); *Marbury–Pattillo Constr. Co. v. Bayside Warehouse Co.,* 490 F.2d 155, 158 (5th Cir.1974) (declaring that whether to transfer venue is within the discretion of the trial court and will not be

---

1. The Parties do not dispute that venue is "otherwise proper" in this Court.

reversed on appeal absent an abuse of discretion).

■ Ordinarily, the Court considers the following factors when deciding whether transfer is warranted: the availability and convenience of witnesses and parties; the location of pertinent books and records; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference.[2] *See, e.g., Henderson v. AT & T Corp.,* 918 F.Supp. 1059, 1065 (S.D.Tex. 1996) (Kent, J.); *Dupre v. Spanier Marine Corp.,* 810 F.Supp. 823, 825 (S.D.Tex.1993) (Kent, J.); *Continental Airlines, Inc. v. American Airlines, Inc.,* 805 F.Supp. 1392, 1395–96 (S.D.Tex.1992) (Kent, J.) (discussing the importance of the plaintiff's choice of forum in light of the policies underlying § 1404(a)). But when a valid forum-selection clause purports to govern venue, the Court must address the convenience of the designated forum given the parties' expressed preference for that venue. *See Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988); *Seabulk,* 201 F.Supp.2d at 755.

### 1. Validity of Forum–Selection Clause

■ The forum-selection clause at issue is essentially identical to the clause analyzed by the United States Supreme Court in *Carnival Cruise Lines v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).[3] In *Carnival,* the plaintiffs, who lived in Washington state, filed suit against Carnival in federal district court in Washington for injuries sustained on a Carnival cruise, despite a forum-selection clause contained in their ticket, which stated:

> 8. It is agreed by and between the passenger and the Carrier that all disputes and matters whatsoever arising under, in connection with or incident to this Contract shall be litigated, if at all, in and before a Court located in the State of Florida, U.S.A., to the exclusion of the Courts of any other state or country.

*Carnival,* 499 U.S. at 587–88, 111 S.Ct. at 1524. In evaluating the reasonableness of the forum-selection clause, the Court "refine[d] the analysis of *The Bremen* to account for the realities of form passage contracts," and concluded that the clause was enforceable despite the plaintiffs' arguments that the clause was "nonnegotiated" and that litigating in Florida would seriously inconvenience the Washington plaintiffs. *Id.* at 593–95, 111 S.Ct. at 1527–28. The Court emphasized that the clause passed scrutiny for "fundamental fairness": there was no indication that Carnival chose Florida as the dispute-resolution forum to discourage plaintiffs from

---

**2.** The Court no longer considers the location of counsel in its venue analyses. *See In re Horseshoe Entm't,* 305 F.3d 354, 358 (5th Cir.2002) ("The factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue.").

**3.** *Carnival* differs procedurally from the instant case. In *Carnival,* the district court granted summary judgment in the defendant's favor for lack of personal jurisdiction and dismissed the case. The Ninth Circuit reversed, holding that the district court had personal jurisdiction and that the forum-se-

lection clause should not be enforced. The Supreme Court reversed the Ninth Circuit's decision, holding that the forum-selection clause was enforceable. *See Carnival,* 499 U.S. at 589–94, 111 S.Ct. at 1525–28. But the decision, which had the effect of reinstating the district court's dismissal, did not address transfer as an alternative to dismissal, nor did it overrule *Stewart. See BHP Int'l Inv., Inc. v. OnLine Exch., Inc.,* 105 F.Supp.2d 493, 496–97 (E.D.Va.2000) (discussing *Carnival's* effect on *Stewart* and determining that § 1404(a) still governs the enforcement of forum-selection clauses when applicable).

filing suit; there was no evidence of fraud or overreaching in obtaining plaintiffs' acceptance of the clause; and plaintiffs conceded that they were given notice of the clause. *Id.* at 595, 111 S.Ct. at 1528. Carnival argues that the instant case is virtually identical to *Carnival Cruise Lines v. Shute.*

But, like the plaintiff in *Elliott,* Williams argues that her case is more analogous to *Schaff v. Sun Line Cruises, Inc.,* 999 F.Supp. 924 (S.D.Tex.1998) (Kent, J.). In *Schaff,* the plaintiff purchased a ticket for $1,770.00 for a cruise that departed from and returned to Galveston. She received the ticket, which contained a forum-selection clause specifying Athens, Greece as the litigation forum, three to four days before departing. If she had cancelled her cruise at that time, she would have forfeited the entire ticket price. Despite finding that the plaintiff had constructive notice of the terms of her ticket, this Court held that extrinsic factors prevented enforcing the clause. The extrinsic factors this Court cited in refusing to enforce the clause were (1) that the cruise began and ended in Galveston, Texas, but required suit in Athens, Greece, and (2) that the plaintiff could not have rejected the ticket without forfeiting the entire purchase price of $1,770.00. *Schaff,* 999 F.Supp. at 927.

Those extenuating circumstances are not present here. As the Supreme Court in *Carnival* held, Florida is not a "remote alien forum." *Carnival,* 499 U.S. at 594, 111 S.Ct. at 1528. In addition, the Parties disagree about whether Williams's ticket was refundable. Williams states that it was non-refundable, but Carnival argues that when Williams received the ticket, fifty percent of the purchase price was refundable. Thus, the Court agrees with Carnival that Williams's case is more analogous to *Carnival Cruise Lines v. Shute* than to *Schaff v. Sun Line Cruises, Inc.* and finds that Carnival's forum-selection clause is valid and enforceable. Accord-

ingly, the Court now turns to the transfer analysis.

### 2. Weighing the Venue Factors Under § 1404(a)

The forum-selection clause in this case "provides some indication that the convenience of the parties would presumably be better served by transfer" to Florida. *Lafargue v. Union Pac. R.R.,* 154 F.Supp.2d 1001, 1005 (S.D.Tex.2001). The Court begins the analysis with this presumption and analyzes the other § 1404(a) factors to see if they can overcome it. *Id.*

Here, the clause weighs heavily in favor of transfer given the Supreme Court's recognition of the particular importance of enforcing forum-selection clauses in cruise lines' form passenger contracts. *See Carnival,* 499 U.S. at 593–94, 111 S.Ct. at 1527 (suggesting that cruise lines have "special interests" in limiting litigation fora and that forum-selection clauses have "salutary" effects for passengers as well); *cf. LeBouef v. Gulf Operators. Inc.,* 20 F.Supp.2d 1057, 1061 (S.D.Tex.1998) (distinguishing a forum-selection clause in a seaman's employment contract from the *Carnival* clause); *Schaff,* 999 F.Supp. at 926–27 (distinguishing a cruise line's forum-selection clause requiring suit in Greece from the *Carnival* clause). Thus, overcoming the presumption created by this valid forum selection clause will be extremely difficult. *Cf. Walker v. Carnival Cruise Lines,* 107 F.Supp.2d 1135, 1140–41 (N.D.Cal.2000) (finding that the plaintiffs' particularly severe physical impairments transformed Florida into a "remote alien forum" even though "others might undertake a journey [from California to Florida] with relative ease").

First, Williams, a Texas resident, argues that a trial in Florida would be too expensive for her to pursue and that transfer-

ring the case to Florida would simply shift the costs from Carnival to her. Generally, the Court would be sympathetic to this cost-shifting argument, but where, as here, Williams accepted a contract specifying litigation in Florida, the cost-shifting argument does not carry much weight. *See Elliott*, 231 F.Supp.2d at 561–62.

Williams next points out that the individual Defendants, Ballenger and Perigin, are Texas residents; thus, a trial in Texas is also more convenient for them. However, as passengers on the same cruise, Ballenger and Perigin presumably agreed to the same forum-selection clause as Williams. Therefore, all Parties are presumed to have agreed that Florida is the most convenient forum for litigation regarding the cruise. Williams presents no other reasons why the court should not enforce the valid forum-selection clause in this case.

Although Williams's decision to file in this Court speaks to her current forum preference, the Court cannot ignore the agreement in the Passenger Ticket Contract expressing a preference for a different forum. Additionally, the Court notes that this case was filed very recently, in June of 2003, and has not yet received a trial setting. Thus, any delay caused by transfer will be minimal.

In sum, the Court finds that Williams has not presented evidence sufficient to override the presumption created by the forum-selection clause that a trial would be more convenient in Florida. Carnival has satisfied its burden of demonstrating to this Court that transfer is warranted to serve the interests of justice and for the convenience of all involved.

### III. Conclusion

For all of the reasons set forth above, the Court hereby **DENIES** Defendants' Motion to Dismiss; **GRANTS** Defendants' Motion to Transfer Venue; and **TRANSFERS** this action to the United States District Court for the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. § 1404. Any unresolved issues are respectfully deferred to the considered judgment of the transferee court. Each Party is to bear its own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED.**