Barbara **LUNDAY**, Plaintiff,

v.

**CARNIVAL CORP.** d/b/a/ Carnival Cruise Lines, Inc., Defendant.

No. CIV.A.G–03–835.

United States District Court, S.D. Texas, Galveston Division.

Jan. 23, 2004.

Abbott M. Herring, Jr., Marty Herring and Associates, Houston, TX, for Plaintiff.

Timothy Wayne Strickland, Fowler Rodriguez et al., Houston, TX, for Defendant.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

KENT, District Judge.

This maritime personal injury action arises out of alleged injuries incurred by Plaintiff Barbara Lunday ("Plaintiff") during disembarkation from a vessel owned and operated by Defendant Carnival Cruise Lines, Inc. ("Carnival" or "Defendant"). Now before the Court comes Carnival's Motion to Dismiss Under Fed. R.Civ.P. 12(b)(3) and (6); Motion to Dismiss as Time Barred Under Contractual Agreement or, in the Alternative, to Transfer Under 28 U.S.C. 1404(a), and/or 1406(a). For the reasons discussed below, Defendant's Motion to Dismiss is hereby **GRANTED.**

## I. Background

On May 6, 2002, Plaintiff and her husband set sail from Galveston, Texas on the S.S. Celebration, a vessel operated by Carnival. Plaintiff purchased the tickets for the cruise from a travel agent in LaPorte, Texas. Plaintiff alleges that the ticket was non-refundable and that she did not receive the ticket until one week prior to the cruise. Plaintiff claims that, while the ship was docked in Cozumel, Mexico, she fell from the gangway to the dock, badly injuring her foot. Plaintiff was taken to the ship's infirmary, where she was examined by the ship's doctor. She was then examined by a doctor in Cozumel, who stated that her foot was broken and that he could set it for $1,000 cash. Plaintiff did not have this much cash, and the doctor would not accept her insurance. After negotiations broke down, Plaintiff was returned to the ship, where she remained for the next three days, allegedly in severe pain and against her will. Plaintiffs allege that Carnival refused their request to be flown back to Houston from Cozumel. After the ship returned to Texas, a Houston orthopaedic surgeon examined Plaintiff and performed surgery on her injured foot.

On September 18, 2003, Plaintiff filed this lawsuit against Carnival in the 56th Judicial District Court of Galveston County, Texas. Plaintiff's Original Petition alleged that Carnival negligently failed to provide sufficient handrails on the gangway, failed to provide adequate personnel to assist passengers, and failed to warn passengers of the step onto the dock. The Original Petition also stated a claim for the intentional tort of false imprisonment. On October 6, 2003, Carnival filed its Motion to Dismiss Under Fed.R.Civ.P. 12(b)(3) and (6); Motion to Dismiss as Time Barred Under Contractual Agreement or, in the Alternative, to Transfer Under 28 U.S.C. 1404(a), and/or 1406(a), to which Plaintiff timely responded. Defendant's Motion to Dismiss and its Motion to Transfer are based on the forum selection clause in the passenger ticket contract, which provides that any suit between the parties must be brought in a court located in Miami–Dade County, Florida. Defendant's Motion to Dismiss as Time Barred is based on the one-year limitation provision in the passenger ticket contract.

## II. Analysis

Each of Defendant's Motions depends on the validity of the terms of the passenger ticket contract. The central issue in the Parties' dispute is whether Plaintiff received adequate notice of the terms and conditions. Defendant argues that Plaintiff received adequate notice of the relevant contract provisions because Plaintiff or her travel agent received a ticket prior to the beginning of the cruise. In addition, Defendant maintains that passengers may obtain sample copies of the passenger ticket contract in advance of booking a cruise. *See* Affidavit of Daniel J. Blanco, Defendant's Exh. A ¶ 7. Finally, Defendant submits that the United States Supreme Court upheld an identical forum selection clause in *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).

The passenger ticket contract is issued in a multi-page blue booklet. On the cover page of the booklet, the heading "IMPORTANT NOTICE TO GUESTS" appears in bold, bright blue capital letters. Below this heading, the following text appears:

THE GUEST TICKET CONTRACT IN THIS BOOKLET CONTAINS CONDITIONS ON NUMBERED PAGES 1 THROUGH 11 IN THE REAR PORTION OF THIS BOOKLET. YOUR ATTENTION IS DIRECTED TO THESE CONDITIONS, CERTAIN OF WHICH CONTAIN IMPORTANT LIMITATIONS ON

RIGHTS OF GUESTS TO ASSERT CLAIMS AGAINST THE CRUISE LINE, VESSEL OR THEIR AGENTS OR EMPLOYEES. PLEASE READ THE CONTRACT AND THESE TERMS AND RETAIN THE CONTRACT FOR FUTURE REFERENCE.

Exemplar Copy of Passenger Ticket Contract, Cover Page, Defendant's Exh. B, at 1. The following notice appears in bold capital letters on the first page of the passenger ticket contract:

*IMPORTANT NOTICE TO GUESTS*

THIS DOCUMENT IS A LEGALLY BINDING CONTRACT ISSUED BY CARNIVAL CRUISE LINES TO, AND ACCEPTED BY, GUEST SUBJECT TO THE IMPORTANT TERMS AND CONDITIONS APPEARING ON THE FOLLOWING ELEVEN PAGES. THE PROVISIONS ON THE FOLLOWING PAGES OF THIS CONTRACT ARE INCORPORATED AS THOUGH FULLY REWRITTEN ON THE FACE OF THIS CONTRACT.

*NOTICE:* THE ATTENTION OF THE GUEST IS ESPECIALLY DIRECTED TO CLAUSES 1 AND 13 THROUGH 17, WHICH CONTAIN IMPORTANT LIMITATIONS ON THE RIGHTS OF GUESTS TO ASSERT CLAIMS AGAINST CARNIVAL CRUISE LINES, THE VESSEL, THEIR AGENTS AND EMPLOYEES, AND OTHERS.

*Id.* at 1; Defendant's Exh. B. at 1. Finally, the Terms and Conditions include the following relevant provisions:

14.(a) Carnival shall not be liable for any claims whatsoever for personal injury, illness, or death of the guest, unless full particulars in writing are given to Carnival within 185 days after the date of the injury, event, illness or death giving rise to the claim. Suit to recover on any such claim shall not be maintainable unless filed within one year after the date of the injury, event, illness or death, and unless served on Carnival within 120 days after filing. Guest expressly waives all other potentially applicable state or federal limitations periods.

. . . . .

15. It is agreed by and between the Guest and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, including travel to and from the vessel, shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami, or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami–Dade County, Florida, U.S.A. to the exclusion of the Courts of any other county, state or country.

*Id.* at 9–10; Defendant's Exh. B. at 4.

Plaintiff argues that she should not be bound by the limitations provisions because the terms were not bargained for, she did not receive the relevant provisions until one week before the cruise, and she was not instructed by her travel agent or the cruise line of the significance of the fine print on the passenger ticket contract. Plaintiff also maintains that she was not able to read the terms and conditions once she received a copy of the passenger ticket contract. In essence, Plaintiff argues that she did not receive sufficient notice of the relevant provisions. Indeed, she seeks to distinguish *Carnival Cruise Lines, Inc. v. Shute* on this ground, arguing that the plaintiff in *Shute* only argued that the terms were not the product of a bargained-for exchange.

"The law does not look too kindly on parties who seek to avoid the terms of

the passenger ticket contract." *Schaff v. Sun Line Cruises, Inc.*, 999 F.Supp. 924, 926 (S.D.Tex.1998). This court has noted that "it is well established that a passenger has accepted a ticket and received notice of its contents even though a traveling companion receives and holds the passenger's ticket." *Id.; see also Marek v. Marpan Two, Inc.*, 817 F.2d 242, 247 (3d Cir. 1987); *Foster v. Cunard White Star*, 121 F.2d 12 (2d Cir.1941). "[P]rovisions that appear on the ticket as part of the contract of passage embodied in the ticket are binding regardless of whether they were read by the passenger, provided they are not unlawful in content." *Miller v. Lykes Bros. S.S. Co.*, 467 F.2d 464, 466 (5th Cir.1972) (quoting *Baron v. Compagnie Generale Transatlantique*, 108 F.2d 21, 23 (2d Cir.1939)); *see also Schaff*, 999 F.Supp. at 926 (citing *Carpenter v. Klosters Rederi A/S*, 604 F.2d 11, 13 (5th Cir.1979)).

In *Elliott v. Carnival Cruise Lines*, 231 F.Supp.2d 555 (S.D.Tex.2002), this Court upheld a forum selection clause nearly identical to the clause now at issue. Like Plaintiff, the plaintiff in *Elliott* argued that he did not receive sufficient notice of the forum selection clause. Nonetheless, the Court held that notice was imputed to him, noting that "[c]onditions and limitations in contracts for the carriage of passengers by water have been held valid, and when placed in the body of a passage contract for an ocean voyage, so as to be a part thereof, they become binding on the passenger by his mere acceptance of the ticket within such a time as to give him an ample opportunity to examine its contents." *Id.* at 561 (quoting *Carpenter*, 604 F.2d at 13). The Court continued, "The passenger need not have actual notice of the contents, and his failure to read the ticket does not preclude him from being bound by its terms." *Id.* Because the first page of the passenger ticket contract directed the passenger's attention, in all capital letters, to the forum selection clause,

the Court held that, despite the alleged lack of actual notice of the clause, the plaintiff had constructive notice. *See id.*

■ Because the first page of the passenger ticket contract received by Plaintiff contained conspicuous notice, in all capital letters, of the existence of limitations on passengers' rights to sue Carnival, the Court concludes that, barring some fact that distinguishes this case from *Elliott*, Plaintiff should be bound by the terms of the contract. Defendant submits that a traveler is charged with possession of the ticket and notice of its provisions when the ticket is received by his travel agent or by someone acting as the passenger's agent. *See Hodes v. S.N.C. Achille*, 858 F.2d 905 (3d Cir.1988); *Schaff v. Sun Line Cruises, Inc.*, 999 F.Supp. 924, 926 (S.D.Tex.1998). This Court has held that "the failure or inability of the passenger to read the ticket does not preclude her being bound by such conditions and limitations, provided they are not unlawful in content." *Schaff*, 999 F.Supp. at 926 (citing *Carpenter*, 604 F.2d at 13).

Plaintiff seeks to distinguish this case from *Elliott* on the basis that she did not receive her tickets until one week before the cruise departed, by which time no refund was available. Defendant maintains that Carnival sent the ticket to Plaintiff's independent travel agent approximately a month before the cruise; however, none of Defendant's summary judgment proof supports its claim regarding the time that Plaintiff's travel agent received her tickets. Despite the lack of support for this key factual assertion, Defendant's supporting affidavit does provide (and the Court understands the common practice to be) that ticket fare is typically transmitted by the travel agent to Carnival's Miami, Florida office on behalf of the passenger. Carnival then issues the passenger ticket contract out of its office in Miami to the travel

agent, who then distributes the ticket to the passenger. Passengers may obtain, upon request, a sample copy of the ticket contract in advance of booking a cruise. In this case, Plaintiff purchased her ticket from Paradise Cruise & Tour, an independent travel agency.

The ticket distribution system described above reflects the commercial reality that making oneself aware of a number of contractual provisions governing the legal relationship between passenger and carrier forms a fundamental part of planning modern recreational travel. Given the long-established legality of the type of provision here at issue, the ubiquity of such provisions, and the commonality of long-distance travel, any recreational traveler is put on reasonable notice that the modern contract for passage, whether it be for a helicopter ride, an airplane flight, or a cruise, almost certainly contains certain terms and conditions. This is a luxury activity. This is not an instance of dire and unavoidable need, such as an ambulance trip to the hospital.

Even assuming that the passenger ticket contract was not delivered in time to provide adequate notice of the forum selection clause, the limitations provision is sufficient to resolve this case. Plaintiff maintains that the limitations provision was not bargained for and not adequately communicated; therefore, it cannot be enforced under 46 U.S.C. app. § 183c. Notably, Plaintiff's arguments regarding the limitations provision do not focus on the date of delivery of the passenger ticket contract; rather, she complains that the clause was inadequately communicated because it was hidden in the contract's fine print.

Plaintiff cites 46 U.S.C. app. § 183c as the controlling law on the issue. This provision makes it unlawful for a vessel owner

> to insert in any rule, regulation, contract, or agreement any provision or limitation (1) purporting, in the event of loss of life or bodily injury arising from the negligence or fault of such owner or his servants, to relieve such owner, master or agent from liability beyond any stipulated amount, for such loss or injury, or (2) purporting in such event to lessen, weaken, or avoid the right of any claimant to a trial by court of competent jurisdiction on the question of liability for such loss or injury, or the measure of damages therefor. All such provisions or limitations ... are declared to be against public policy and shall be null and void and of no effect.

46 U.S.C. app. § 183c. Plaintiff maintains that this statute was written in response to cruise lines placing unfair conditions on tickets not delivered until after payment is made. In the light of the legislative history provided by Plaintiff, the Court must agree with the general proposition that Congress passed § 183c to put a stop to the practice of placing unfair conditions on tickets without the consent or knowledge of passengers. The Court cannot agree, however, that Congress intended to stamp out the type of provision at issue here.

Indeed, Congress dealt specifically with limitations provisions in 46 U.S.C. app. § 183b, which provides, in relevant part:

> It shall be unlawful for the manager, agent, master, or owner of any sea-going vessel ... transporting passengers ... to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of, or filing claims for loss of life or bodily injury than six months, and for the institution of suits on such claims, than one year, such period for institution of suits to be computed from the day when the death or injury occurred.

While the Parties disagree on the applicable standard to be applied to limitations provisions, the Court perceives no meaningful distinction in their positions. The

facts of this case clearly show that Plaintiff's passenger ticket contract conspicuously indicated that it contained terms and conditions that affected passengers' ability to assert claims against Carnival. Plaintiff received her ticket before the cruise sailed. The limitations provision in the passenger ticket contract complies with the mandate of 46 U.S.C. app. § 183b. This lawful provision thus forms an integral part of the contract between the Parties. Under the precedent of this Court and the Fifth Circuit, the limitations provision is binding on Plaintiff. *See Schaff*, 999 F.Supp. at 926 (citing *Carpenter*, 604 F.2d at 13). Because Plaintiff filed her lawsuit more than one year after her injury occurred, her claim is barred, and her Complaint fails to state a claim upon which relief can be granted. Accordingly, Carnival's Motion to Dismiss is hereby respectfully **GRANTED.**

III. Conclusion

Were the Court free to act as an organ of social policy, it might well be inclined to abrogate the limitations contained in Carnival's passenger ticket contract. The Court sympathizes with Plaintiff, but the law clearly sanctions contractual limitations of the type involved in this suit. Accordingly, the contractual limitation provision became part of the contract between the parties and obligated Plaintiff to file her claim within one year of the date of injury. For the reasons stated above, the Court hereby **GRANTS** Defendant's Motion to Dismiss, and Plaintiff's claims are **DISMISSED WITH PREJUDICE.** Each Party is to bear its own taxable costs, attorney's fees, and expenses incurred herein to date. Final Judgment will issue forthwith.

**IT IS SO ORDERED**