Bertha **LEMOINE**

v.

**CARNIVAL CRUISE LINES.**

Civ. A. No. 93–2948.

United States District Court,
E.D. Louisiana.

April 18, 1994.

John T. Bennett, John T. Bennett Law Offices, Marksville, LA, for plaintiff.

Carl J. Hebert, Michael W. Mallory, Evans & Co., New Orleans, LA, for defendant.

## ORDER AND REASONS

CLEMENT, District Judge.

Plaintiff has filed suit for injuries she allegedly sustained while aboard defendant's vessel in international waters. Defendant has moved for dismissal based on lack of personal jurisdiction and improper venue pursuant to 28 U.S.C. § 1406, or in the alternative, for transfer pursuant to 28 U.S.C. § 1404. For the reasons stated below, defendant's motion to transfer pursuant to 28 U.S.C. § 1406 is GRANTED.

In asserting that venue is improper, defendant relies upon the forum selection clause contained in the passenger ticket plaintiff purchased and used to board defendant's vessel. The clause states:

> It is agreed by and between the passenger and the Carrier that all disputes and matters whatsoever arising under, in connection with or incident to this Contract shall be litigated, if at all, in and before a court located in the State of Florida, U.S.A., to the exclusion of the Courts of any other state or country.

(Defendant's Memorandum in Support of Motion, Exh. B, p. 4). The United States Supreme Court upheld the enforceability of this forum selection clause in *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).

Plaintiff contends that *Shute* is distinguishable from the instant case because the Supreme Court did not address whether the plaintiff had sufficient notice of the clause. Plaintiff contends that her brother handled the tickets at all times and that she, therefore, did not have notice of the forum selection clause. However,

> Conditions and limitations in contracts for the carriage of passengers by water have been held valid, and when placed in the body of a passage contract for an ocean voyage, so as to be a part thereof, they become binding on the passenger by his mere acceptance of the ticket within such a time as to give him an ample opportunity to examine its contents. It is not necessary that the passenger have actual knowledge of such conditions or limitations or that his attention be called to them. The failure or inability of the passenger to read his ticket does not preclude his being bound by such conditions and limitations, provided they are not unlawful in content.

*Carpenter v. Klosters Rederi*, 604 F.2d 11, 13 (5th Cir.1979) (quoting 80 C.J.S. Shipping § 182, p. 1098). *See, also Goldberg v. Cunard Line Ltd.*, 1992 A.M.C. 1461, 1462, 1992 WL 142582 (S.D.Fl.1992). Therefore, if Mrs. Lemoine accepted the passage ticket, she had notice of its contents. It is well established that a passenger has accepted a ticket and received notice of its contents even though a travelling companion receives and holds the passenger's ticket.[1]

Plaintiff was granted additional time to obtain and submit further evidence to support her allegation that she never received notice of the forum selection clause. Plaintiff has since submitted a copy of plaintiff's boarding pass, a copy of an invoice from Gartrell Travel Service, Inc., and a copy of the "Passenger's Copy" of the ticket issued by Carnival Cruise Lines, Inc. (which is iden-

1. *Foster v. Cunard*, 121 F.2d 12, 13 (2nd. Cir. 1941) (holding plaintiff accepted ticket and had notice although plaintiff's brother, a fellow passenger procured and held the contract ticket); *Marek v. Marpan Two, Inc.*, 817 F.2d 242, 247 (3rd Cir.1987) (holding plaintiff had notice although plaintiff and companion travelled together and shared the same ticket envelope absent evidence that companion denied plaintiff access to the ticket); *DeCarlo v. Italian Line*, 416 F.Supp 1136, 1137 (S.D.N.Y.1976) (holding plaintiff had notice although plaintiff's friend arranged for and held the cruise contract ticket, and plaintiff never saw the ticket); and *Ciliberto v. Carnival Cruise Lines, Inc.*, 1986 A.M.C. 2317, 1986 WL 2560 (E.D.Pa.1986) (holding plaintiff had notice although a co-worker not well known to plaintiff procured and held the ticket).

tical to the ticket at issue and depicted in the Supreme Court's opinion in *Shute, supra* ). Plaintiff contends that these are copies of "everything that .[plaintiff's brother] claims he received from his travel agent" (Plaintiff's Supplemental Memorandum, p. 1) and that she is not bound by the forum selection clause in the passage contract because the clause does not appear anywhere on those copies. However, the copy of the ticket submitted by plaintiff contains the following clauses:

"SUBJECT TO CONDITIONS OF CONTRACT ON LAST PAGES"

"IMPORTANT! PLEASE READ CONTRACT [arrow pointing left] ON LAST PAGES 1, 2, 3" and

"The provisions on the reverse hereof are incorporated as though fully rewritten."

(Plaintiff's Supplemental Memorandum, Exh. A, p. 3).

In addition, defendant has submitted a copy of its complete passage contract ticket which shows that the passage contract begins on the reverse side of the page plaintiff admits having received.[2] Defendant has also submitted the affidavit of Ms. O'Neill which states that a passenger must present a complete passage ticket at the time of boarding and that the host or hostess removes the top copy of the passage ticket and returns the passenger's copy with the ticket contract to the passengers.

Thus, this Court finds that plaintiff has failed to introduce sufficient evidence to establish that she did not accept a complete passage contract ticket from defendant. The copy plaintiff submits indicates that it is the first page of a multi-page document, and plaintiff has submitted no verified statement suggesting that she received only part of the ticket. The copies submitted by plaintiff and the conclusory allegation that those are the only documents her brother "claims he received" are insufficient to rebut the affidavit of Ms. O'Neill stating that all passengers receive complete passage contract tickets and must present same upon boarding. As a result, this Court finds that plaintiff had notice of the forum selection clause and is bound by it.[3]

Accordingly,

IT IS ORDERED that defendant's motion to transfer is GRANTED and that this matter be transferred to the Southern District of Florida, Miami Division.

---

**2.** That page is labelled "Contract Page 1" and includes the following language:

This document is a legally binding contract issued by carrier to, and accepted by, passenger subject to the important terms and conditions appearing on this page and the following two pages. The provisions on the following pages of this contract are incorporated as though fully rewritten on the face of this contract.

This language is followed by a list of the terms and conditions of the contract which continues on pages 2 and 3. The forum selection clause is contained in paragraph 8 on page 2 of the contract.

**3.** Because this Court finds venue is improper, it does not reach defendant's contention that the Court lacks personal jurisdiction over defendant.