Paula SMITH

v.

John DOE, et al.

No. Civ.A. 97–3260.

United States District Court,
E.D. Louisiana.

Jan. 28, 1998.

Michael C. Palmintier, deGravelles, Palmintier & Holthaus, L.L.P., Baton Rouge, LA, for plaintiff.

Thomas J. Wagner, Thomas A. Rayer, Jr., Wagner & Bagot, New Orleans, LA, for defendants.

### ORDER AND REASONS

MENTZ, District Judge.

Plaintiff Paula Smith filed this suit for injuries she allegedly sustained in Montego Bay, Jamaica while a passenger aboard the S/S ENCHANTED SEAS, a cruise vessel operated by defendant Commodore Cruise Line, Limited ("Commodore"). After removing the suit from Louisiana state court based on diversity of citizenship, Commodore moved for dismissal pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue, or in the alternative, for transfer pursuant to 28 U.S.C. § 1406.[1] The court addresses Commodore's motion herein.

Commodore contends that the forum selection clause contained in the passenger ticket contract with Smith provides for exclusive venue in the United States District Court for the Southern District of New York. Smith disputes the enforceability of the clause on the grounds that: (1) Congress overruled the Supreme Court decision in *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991), which authorized such clauses in cruise line passenger tickets; (2) Smith did not freely bargain for the forum selection clause; and (3) Smith did not have notice of the clause. For the reasons stated below, the motion to transfer is granted.

In *Shute,* the Supreme Court decided that a cruise line could validly include a forum selection clause in its passenger contract without violating the statutory prohibition in the Limitation of Vessel Owner's Liability Act, 46 U.S.C. § 183c. The Act prohibits contractual clauses which unduly limit a vessel owner's liability for negligence.[2] Since that decision, § 183c has been amended twice, with the end result being that it now reads exactly as it did when the Supreme Court rendered the decision in *Shute.*[3] Consequently, the analysis in *Shute* controls. The viability of the *Shute* analysis has been recognized by several courts of this district. *See Padel v. Carnival Corp.,* No. 97–1936, 1997 WL 732424 (E.D.La. Nov. 24, 1997); *Launey v. Carnival Corp.,* No. 97–1470, 1997 WL 426095 (E.D.La. July 25, 1997); *Monteville v. M/V ENCHANTED SEAS,* No. 95–3762, 1992 WL 752899 (E.D.La. April 16, 1996)

---

1. In its motion to dismiss, Commodore moved for transfer pursuant to 28 U.S.C. § 1404, which addresses transfer from a proper venue to a more convenient proper venue. In its supplemental brief, Commodore corrected the statutory basis for transfer to 28 U.S.C. § 1406, addressing transfer for improper venue. *See Launey v. Carnival Corp.,* No. 97–1470, 1997 WL 426095 * 2 (E.D.La. July 25, 1997) (explaining that § 1406 controls rather than § 1404).

2. Section 183c (a) reads in relevant part:

   It shall be unlawful for the ... owner of any vessel transporting passengers between ports of United States or between any such port and a foreign port to insert in any rule, regulation, contract, or agreement any provision or limitation ... (2) purporting in [the event of death or injury] to lessen, weaken, or avoid the right of any claimant to a trial by a court of competent jurisdiction on the question of liability for such loss or injury, or the measure of damages therefor.

3. In 1992, "any" was inserted immediately before the phrase "court of competent jurisdiction;" in 1993, "any" was deleted. *See generally,* Franklin and Weldy, *Dark of the Night Legislation Takes Aim at Forum Selection Clauses: Statutory Revisions in Relation to Carnival Cruise Lines, Inc. v. Shute,* 6 U.S.F. Mar. L.J. 259 (1994).

(involving the same cruise ship and contract as the case at bar); *Pierce v. Carnival Corp.*, No. 95–4263, 1996 WL 137638 (E.D.La. March 26, 1996); *Compagno v. Commodore Cruise Line, Ltd.*, No. 94–1814, 1994 WL 462997 (E.D.La. Aug. 19, 1994); *Lemoine v. Carnival Cruise Lines*, 854 F.Supp. 447 (E.D.La.1994); *Terrebonne v. Commodore Cruise Lines, Ltd.*, No. 93–0772, 1993 WL 534051 (E.D.La. Dec. 14, 1993).

Under *Shute*, forum selection clauses are prima facie valid and will be enforced unless the resisting party shows insufficient notice of the forum selection clause, 499 U.S. at 590, 111 S.Ct. at 1525, or that the clause is fundamentally unfair, *id.* at 595, 111 S.Ct. at 1528. The plaintiff has the burden of showing that the forum selection clause should not be enforced. *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 18, 92 S.Ct. 1907, 1917, 32 L.Ed.2d 513 (1972).

In determining whether a passenger was adequately notified of a forum selection clause, courts examine both the facial clarity of the contract and the passenger's opportunity to be apprised of the contractual terms at issue. *See Terrebonne v. Commodore Cruise Lines, Ltd.*, 1993 WL 534051 at * 1 (citing *Corna v. American Hawaii Cruises, Inc.*, 794 F.Supp. 1005, 1008 (D.Hawai'i 1992); *Goldberg v. Cunard Line, Ltd.*, 1992 A.M.C. 1461, 1464, 1992 WL 142582 (S.D.Fla. 1992)).

■ The forum selection clause is found in paragraph 27 of Commodore's Passage Contract and reads as follows:

The passenger and carrier agree that all disputes and matters arising under, in connection with or incidental to this Contract shall be litigated, if at all before a court located in the State, City and County of New York to the exclusion of the courts of any other country, state, city or county.

The front of the Passage Contract provides in bold:

IMPORTANT NOTICE: Each passenger should carefully examine all the conditions of this contract, particularly the conditions on pages 4–12.

On page 4 of the contract, the following is stated in bold:

Acceptance Of This Contract By The Passenger Shall Constitute An Acceptance By The Passenger, As Defined Herein, Of All The Terms and Conditions Set Forth Herein.

The court finds that these contract terms are sufficiently clear and apparent to adequately apprise a passenger of the forum selection clause. *See Monteville*, 1992 WL 752899 at *1; *Terrebonne*, 1993 WL 534051 at *1 (finding the same contractual terms provided adequate notice).

Smith disputes that she received a copy of the Passenger Contract, that the clause was actually contained in her ticket, and that she understood the clause. She did not submit any evidence to controvert the affidavit of Stephen Field, formerly Commodore's Vice President of Insurance and Claims which attests that a contract was delivered to her:

the standard Passage Contract [attached as Exhibit 1], is an identical form of the Passage Contract which was issued and delivered to Paula Smith for the cruise in question. A duplicate original would have been given to Ms. Smith.

The Passage Contract referenced in Field's affidavit contains the forum selection clause quoted herein. Smith has failed to introduce any evidence to establish that she did not accept a passage ticket contract from Commodore. Smith does not explain why she did not possess a passage contact or how she was able to board the vessel without one. Her conclusory allegations are insufficient to rebut Field's affidavit.

■ Notice can be imputed to a passenger who has not personally received the ticket or does not have possession. *Gomez v. Royal Caribbean Cruise Lines*, 964 F.Supp. 47, 49 (D.P.R.1997) (citing *Marek v. Marpan Two*, 817 F.2d 242, 247 (3rd Cir.1987), *cert. denied*, 484 U.S. 852, 108 S.Ct. 155, 98 L.Ed.2d 110 (1987). (notice found where traveling companion possessed ticket)); *Kientzler v. Sun Line Greece Special Shipping Co., Inc.*, 779 F.Supp. 342 (S.D.N.Y.1991) (circumstantial evidence indicated that ticket contract was received by a co-worker of plaintiff, as agent); *DeCarlo v. Italian Line*, 416 F.Supp.

1136, 1137 (S.D.N.Y.1976) (passenger can be charged with knowledge of the provisions of a ticket in possession of a friend or relative). *See also Ciliberto v. Carnival Cruise Lines, Inc.,* 1986 A.M.C. 2317, 1986 WL 2560 (E.D.Pa.1986) (holding that plaintiff had notice although a co-worker not well-known to plaintiff procured and held ticket). Considering the evidence and the law, the court finds that Smith received the Passenger Contract containing the forum selection clause quoted herein.

■ Smith's alleged inability to understand the forum selection clause does not warrant disregarding the clause. Smith does not explain why she is unable to understand the clause. As this court found herein, the clause is clear and apparent. Smith has failed to establish that her alleged inability to understand the clause is ground for not enforcing it. "It is not necessary that the passenger have actual knowledge of such conditions or limitations or that his attention be called to them. The failure or inability of the passenger to read his ticket does not preclude his being bound by such conditions and limitations, provided they are not unlawful in content." *Lemoine,* 854 F.Supp. at 448 (citing *Carpenter v. Klosters Rederi,* 604 F.2d 11, 13 (5th Cir.1979) (quoting 80 C.J.S. Shipping § 182, p. 1098)); *Goldberg v. Cunard Line, Ltd.,* 1992 A.M.C. 1461, 1462, 1992 WL 142582 (S.D.Fla.1992)). *Cf. Blanco v. Royal Caribbean Cruises, Ltd.,* No. C–96–1976, 1996 WL 479529 (N.D.Cal. Aug. 15, 1996) (citing *Paper Express, Ltd. v. Pfankuch Maschinen GmbH,* 972 F.2d 753, 757 (7th Cir.1992); *Samson Plastic Conduit & Pipe Corp. v. Battenfeld Extrusionstechnik GMBH,* 718 F.Supp. 886, 890 (M.D.Ala.1989); *Lawler v. Schumacher Filters America, Inc.,* 832 F.Supp. 1044, 1051 (E.D.Va.1993) (a party's inability to read the language in which a forum selection clause is written does not excuse compliance with the clause absent some form of fraudulent inducement by the party seeking to enforce the clause.)

■ On the fundamental fairness inquiry, the passenger bears a heavy burden of persuading the court that the contractual forum is inconvenient. *Shute,* 499 U.S. at 595, 111 S.Ct at 1528. Smith has failed to allege any circumstances more onerous than those found insufficient in other cases against Commodore before judges of this district. *See e.g., Monteville,* 1992 WL 752899 at *1; *Compagno,* 1994 WL 462997 at *2; *Terrebonne,* 1993 WL 534051 at *2.

■ The forum selection clause does not take away Smith's right to a trial by a court of competent jurisdiction. New York is not a remote alien forum. Enforcement of the forum selection clause will not gravely or unduly inconvenience Smith. There is no evidence that defendant included the clause due to bad faith or overreaching. There is no evidence that Commodore selected New York for the forum as a means of discouraging passengers from pursuing claims.

■ Finally, the court finds that the lack of a negotiated contract does not render the forum selection clause unenforceable. It is well-established that inclusion of a forum selection clause in a form contract is permissible. *Shute,* 499 U.S. at 593, 111 S.Ct. at 1527.

■ The court finds that venue is improper in this district, and that this case should be transferred in the interest of justice to the United States District Court for the Southern District of New York.

Accordingly,

IT IS ORDERED that defendant Commodore Cruise Line, Limited's Motion to Dismiss or Alternatively, to Transfer is **GRANTED.** This action is hereby **TRANSFERRED** to the United States District Court for the Southern District of New York.